

## THE ATTORNEY GENERAL
### OF TEXAS
AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 14, 1947

Hon. Ross Doughty, Jr.  Opinion No. V-04
County Attorney
Uvalde County            Re: Is it mandatory that the
Uvalde, Texas                Tax Collector of Uvalde
                             County collect the joint
                             County Junior College tax
                             for the year 1946 from
                             those taxpayers who have
                             not yet paid their 1946
                             State and county taxes?
                             And related questions.

Dear Sir:

　　　　You have requested this department's opinion upon several questions arising by virtue of opinion No. O-7320-A, rendered by the Attorney General's Department on December 21, 1946.

　　　　From the contents of your letter of request, it appears that you previously requested the opinion of the Attorney General's Department on the question of whether or not a Joint County Junior College District tax could be assessed and collected in the counties comprising a Joint County Junior College District by the respective county tax assessors and collectors. You were advised that this could not be done. As a consequence, the Tax Assessor and Collector of Uvalde County declined to collect or accept taxes for the Junior College District from those taxpayers paying their State and County taxes. At the present time over three-fourths of the State and County taxes have been paid and only about one-fourth remain to be collected. The Junior College District now wants your Tax Collector to collect these taxes, since the Attorney General's Department reversed itself on December 21, 1946, and held that the County Tax Assessor and Collector could collect the Joint County Junior College District taxes levied in their respective counties. Because of the foregoing, you have submitted several questions upon which you would like to have this Department's opinion, two of which questions are:

　　　　"1. Is it mandatory that the Tax Collector of

Uvalde County collect the Joint County Junior College tax for the year 1946 from those taxpayers who have not yet paid their 1946 State and County taxes?

"2. Is it mandatory that the County Tax Collector collect the Joint County Junior College tax from those taxpayers who have already paid their 1946 State and County taxes?"

The Constitution of the State of Texas in substance provides that the tax assessor and collector shall perform all duties with respect to assessing property for the purpose of taxation, and of collecting taxes that may be prescribed by the Legislature. Article VIII, Sec. 14. The Legislature has prescribed in cases where the Board of Education of a Junior College District desires to have the Assessor-Collector of County Taxes to assess and collect the Junior College District taxes, such taxes shall be assessed and collected by said officer. Therefore, it is mandatory that the Tax Collector of Uvalde County collect the Joint County Junior College tax for the year 1946; it is mandatory that these collections be made from those who have not paid their 1946 State and County taxes and from those who have already paid their 1946 State and County taxes.

Since we have answered the foregoing two questions in the affirmative, you have requested that we answer the following question:

"In the event it is mandatory that the tax collector collect from either or both of the classes above mentioned, what method of procedure should he use in making the collection?"

We know of no set procedure to follow in a situation such as you have presented except that used in making other tax collections. These taxes must be placed back upon the roll, and notice must be sent out to the taxpayers that same has been done, and that these taxes must be paid, and it would certainly be in order to say the tax was dropped from the roll due to an Attorney General's opinion which has since been overruled. Any procedure that is used which will effectuate this will be satisfactory.

The last question which you have submitted to this department is as follows:

"4. Are you still of the opinion that a taxpayer may pay his State and County taxes and decline

to pay the school tax?"

The Attorney General's Department in opinions Numbers O-210 and O-2861, copies of which are enclosed, held that a taxpayer may pay his State and County taxes and decline to pay the independent school district tax which was being collected by the County Assessor-Collector. The same rule would apply to Junior College District taxes. We have reviewed these opinions and accept the conclusions reached therein as correct. These holdings are in accord with the apparent intention of the Legislature as indicated by several enactments. See Article 7336e, V. A. C. S.

### SUMMARY

It is mandatory under Article 2815h, V.A.C.S., that the County Tax Collector, when so requested by the Board of Education of a Junior College District, to collect all of the District's 1946 taxes levied in his County, even though some of the taxpayers had paid their State and County taxes for 1946 without paying the school tax. A taxpayer may pay his State and County taxes without paying his independent school district or junior college tax.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Robert O. Koch

Robert O. Koch
Assistant

APPROVED FEB. 14, 1947

ATTORNEY GENERAL

ROK:AMM:jrb

ENCLOSURES